IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNIE E. LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.   CIV-07-954-F |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

# FINDINGS & RECOMMENDATION
# OF MAGISTRATE JUDGE

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff filed his application for DIB on February 23, 2005 alleging a disability since September 2, 2004 (TR. 59-61). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 34, 33).  Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on February 15, 2007 (TR. 374-400). The Plaintiff appeared in person and with his attorney and offered his testimony in support of the application (TR. 377-390, 391-394). A vocational expert (VE) testified at the request of the ALJ (TR. 395-399). The ALJ issued his decision on April 27, 2007 finding that Plaintiff was not entitled to DIB (TR. 16-22). The Appeals Council denied the Plaintiff's request for review on July 26, 2007, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 4-6).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted).*

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 21). At step two, the ALJ concluded that Plaintiff's chronic back pain secondary to degenerative disc disease of his lumbar spinal region requiring two prior (1980's) surgical procedures, sleep apnea, a history of gastrointestinal problems, and depression were all severe impairments (TR. 22). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments which met or equaled any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21). At step four, the ALJ found that Plaintiff lacked the residual functional capacity (RFC) to perform his past relevant work (PRW) (TR. 21).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989).  The ALJ found that Plaintiff had the RFC to perform semi-skilled work at the light exertional level subject to certain limitations (TR. 21). The ALJ also found that Plaintiff could perform other jobs which existed in significant numbers in both the national and regional economy (TR. 20).  By considering the testimony of the VE, the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 21-22).

On appeal to this Court, Plaintiff alleges that the ALJ failed to evaluate the medical evidence properly; that the ALJ erred in his assessment of Plaintiff's credibility; and that the ALJ's decision is not based upon substantial evidence.

Plaintiff first argues that the ALJ failed to evaluate the medical evidence properly (See Plaintiff's Brief at pages 2-4).  Specifically, Plaintiff contends that the ALJ improperly rejected the opinions of Plaintiff's treating physician, Bruce A. Mackey, M.D., (See Plaintiff's Brief at pages 7-9). Dr. Mackey concluded in a medical source statement dated December 9, 2005 that Plaintiff could only rarely lift 11-20 pounds in an 8-hour workday, occasionally lift 6-10 pounds, and frequently lift 1-5 pounds (TR. 268).  Dr. Mackey also concluded that Plaintiff took medications which affected his ability to concentrate; that Plaintiff's condition would not improve such that he would be able to perform an 8-hour workday; and that Plaintiff's severe obstructive sleep apnea had been resistant to treatment thereby affecting his concentration and causing daytime drowsiness and fatigue (TR. 269).  Dr. Mackey's diagnosis was of lumbar spondylosis, failed surgical back syndrome and lumbar facet anthropathy (TR. 268).

If an ALJ disregards a treating physician's opinion, he must set forth "specific, legitimate reasons" for doing so.  *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).  In *Goatcher v.*

3

*United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In his decision the ALJ provided a thorough review of the medical evidence (TR. 16-19). However, as to Dr. Mackey, the ALJ appears to have ignored without explanation Dr. Mackey's statement that Plaintiff took medications which affected his ability to concentrate; and that Plaintiff's severe obstructive sleep apnea affected his concentration and caused daytime drowsiness and fatigue (TR. 269).

Thus, it appears that the ALJ improperly ignored and rejected these opinions of Plaintiff's treating physician, Dr. Mackey. On remand, the Commissioner should re-evaluate these opinions and if these opinions are rejected, then the ALJ must set forth in the decision specific, legitimate reasons for doing so.

Plaintiff also argues on appeal that the ALJ erred in his assessment of Plaintiff's credibility (See Plaintiff's Brief at pages 9-11). The legal standards for evaluating pain and credibility are outlined in 20 C.F.R. §§ 404.1529(c), 416.929 and SSR 96-7p, and were addressed by the Tenth Circuit Court of Appeals in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). First, the asserted pain-producing impairment must be supported by objective medical evidence. *Id.* At 163. Second, assuming all the allegations of pain as true, a claimant must establish a nexus between the impairment and the alleged pain. "The impairment or abnormality must be one which `could

4

reasonably be expected to produce' the alleged pain." *Id.* Third, the decision maker, considering all of the medical data presented and any objective or subjective indications of the pain, must assess the claimant's credibility.

> [I]f an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 164. In assessing the credibility of a claimant's complaints of pain, the following factors may be considered.

> [T]he levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Hargis v. Sullivan*, 945 F.2d 1482, 1488 (10th Cir. 1991). *See also Luna*, 834 F.2d at 165 ("The Secretary has also noted several factors for consideration including the claimant's daily activities, and the dosage, effectiveness, and side effects of medication.").

In *Kepler v. Chater*, 68 F.3d 387, (10th Cir. 1995), the Tenth Circuit determined that an ALJ must discuss a Plaintiff's complaints of pain, in accordance with *Luna*, and provide the reasoning which supports the decision as opposed to mere conclusions. *Id.* at 390-91.

> Though the ALJ listed some of these [Luna] factors, he did not explain why the specific evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible.

*Id.* at 391. *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied. *Id* at 1372.

In this case, the ALJ did offer some discussion of Plaintiff's credibility (TR. 18-19). However, the ALJ ignores the analysis required by *Kepler* and neglects to discuss the side effects of Plaintiff's medication and the nature of Plaintiff's daily activities. The ALJ's credibility analysis is

5

insufficient according to *Kepler*. On remand, the Secretary should analyze Plaintiff's credibility in accordance with *Luna* and *Kepler*, making express findings and citing specific evidence in the record which relates to Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED this 25th day of August, 2008.

*[signature]*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE